IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01390-BNB

ERICH CRAWFORD,

    Applicant,

v.

CHARLIE DANIELS, Warden, (USP Florence),

    Respondent.

ORDER

    This matter is before the Court on Applicant's "Motion for Injunctive Relief" (ECF No. 1) filed on May 29, 2012.  Applicant is a prisoner in the custody of the United States Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Institution in Littleton, Colorado.  Applicant has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the length of time he will be placed in a residential re-entry center upon his release from prison.  In the motion for injunctive relief, which the Court will construe as a motion for temporary restraining order, Applicant seeks immediate injunctive relief directing Respondent re-evaluate him for placement in a residential re-entry center (RRC).

    The Court must construe the motion liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the motion will be denied.

The Federal Rules of Civil Procedure provide as follows with respect to issuance of a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Applicant alleges in the motion that on October 31, 2011, he requested that his case manager consider him for twelve months placement in a halfway house. He alleges that she told him that a request for more than six months placement would only be considered if there was a showing of "extraordinary and compelling re-entry needs." Motion at 2. Applicant argues that the BOP policy for RRC placement does not require a showing of extraordinary and compelling needs and that he should be eligible for one-year placement as of June 18, 2012. Therefore, he requests that the Court order the BOP to immediately re-evaluate him for RRC placement.

The Court finds that Applicant is not entitled to issuance of a temporary restraining order because he fails to demonstrate he will suffer immediate and irreparable injury before Respondent can be heard in opposition. The Court notes that Respondent already filed a Preliminary Response to the habeas corpus application. Furthermore, Applicant's desire to be transferred to a residential re-entry center does

not demonstrate he will suffer immediate and irreparable injury. Therefore, the motion for a temporary restraining order will be denied. Accordingly, it is

ORDERED that Applicant's "Motion for Injunctive Relief" (ECF No. 1) filed on May 29, 2012, is denied.

DATED at Denver, Colorado, this  5th  day of    July   , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court