IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01390-PAB

ERICH CRAWFORD,

    Applicant,

v.

RENEE GARCIA, Warden,

    Respondent.

---

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

The matter before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 4], filed on June 6, 2012, by Applicant Erich Crawford. This Court issued an Order to Show Cause to Respondent on July 6, 2012. Respondent filed a Response to the show cause order on July 26, 2012. [Docket No. 20]. Applicant filed a traverse on August 3, 2012. [Docket No. 21]. On January 28, 2013, the Court issued a Minute Order to Applicant directing him to show cause, on or before February 15, 2013, why his § 2241 Application should not be denied as moot. The Bureau of Prisons inmate locator website, at www.bop.gov/iloc2/LocateInmate.jsp, indicates that Applicant has been released to Community Corrections in Denver, Colorado. Applicant did not respond to the January 28, 2013 Minute Order, which was mailed to him at FCI-Englewood, Colorado, the address on file with the Court.

The Court has determined that it can resolve the Application without a hearing. 28 U.S.C. § 2243. *See Jeter v. Keohane*, 739 F.2d 257 n. 1 (7th Cir. 1984) ("An

evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court.").

## I. BACKGROUND

Applicant is in the custody of the federal Bureau of Prisons ("BOP") and was incarcerated at FCI-Englewood, Colorado, at the time he initiated this action. On January 11, 2001, he was sentenced in the United States District Court for the District of Colorado, Case No. 00-cr-00135-WDM, to an aggregate sentence of 183 months for the following offenses: Armed Bank Robbery, Aiding and Abetting in violation of 18 U.S.C. § 2113(A)(D) and Carjacking in violation of 18 U.S.C. § 2119, for which he received a sentence of 63 months; and Brandishing and Discharge of a Firearm During and in Relation to the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c), for which he was sentenced to 120 months imprisonment. (Declaration of Benjamin J. Brieschke [Docket No. 20-1 at ¶ 3 and attach. 2]. Applicant's federal sentence commenced on February 20, 2001. *Id*. His projected release date from federal custody, via good conduct time, is June 18, 2013. *Id.*

Pursuant to the Second Chance Act of 2007 ("SCA"), P.L. 110-199 (eff. April 9, 2008), codified at § 3624(c), the BOP typically arranges for an inmate who is nearing completion of his sentence to be transferred to a community correctional facility, such as a Residential Reentry Center ("RRC"), where the inmate has an opportunity to adjust and prepare for reentry into the community. [Docket No. 20-1, at ¶ 5]. On November 16, 2012, Applicant was reviewed for RRC placement under the Second Chance Act. *Id.* at ¶ 13, and attach. 6. The BOP determined that 180-days of pre-release RRC

placement was sufficient to assist Applicant with his re-entry into society. *Id.* at ¶ 14, and attachs. 2-5.

## II. HABEAS APPLICATION

Applicant filed *pro se* his § 2241 Application on June 6, 2012. He challenges the BOP's decision to limit his RRC placement to the last six months of his sentence, instead of the maximum twelve months authorized by the Second Chance Act. Applicant claims that the BOP denied him a twelve-month placement based on criteria not authorized by the BOP's administrative regulations, and which are not applied to other federal inmates, in violation of his Fifth Amendment due process and equal protection rights. For relief, he asks the Court to order the BOP to conduct an assessment for RRC placement "consistent with the guidelines used for all other inmates." [Docket No. 4, at 6].

Respondent notified the Court in a Pre-Answer Response [Docket No. 10] that he does not intend to raise the affirmative defense of failure to exhaust administrative remedies.

## III. LEGAL STANDARD

### A. Habeas Corpus Actions

A district court is only authorized to issue the writ of habeas corpus when the Applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *McIntosh v. United States Parole Comm'n*,

115 F.3d 809, 811 (10th Cir.1997) ("a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters."); *see also Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally. . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."). In the context of challenges to the length of a prisoner's placement in an RRC, the relief which may be granted is an order directing the BOP to perform the individualized consideration required by federal law, and not an order directing that the prisoner be placed in an RRC. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007) (affirming grant of writ and ordering BOP to consider factors set forth in § 3621(b) to determine whether requested transfer should be made).

### B. *Pro Se* Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

*Council of Carpenters*, 459 U.S. 519, 526 (1983).  The Applicant's pro se status does not entitle him to an application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## IV.  ANALYSIS

### A.  Mootness

The Court first addresses the question of mootness.  As stated above, the BOP's inmate locator website indicates that Applicant has been released to Community Corrections.  In keeping with Applicant's good time conduct release date, and the BOP's decision that Applicant should be afforded a 180-day RRC placement, the Court assumes that Applicant was released to Community Corrections in December 2012.

Under Article III of the Constitution, federal courts may only adjudicate live controversies.  *Alvarez v. Smith*, 558 U.S. 87, 130 S. Ct. 576, 580 (2009).  An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Id*. (internal quotation marks and citations omitted); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").  A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (internal quotation

marks and citation omitted).  *See also Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.") (internal quotation marks and citation omitted).

Once Applicant was released to a Community Corrections facility, he no longer had a redressable injury arising from the BOP's RRC determination.  Because the additional time for which Applicant requested RRC placement has already passed, "the best this court could do for him would be to declare [in an advisory opinion] that he spent longer in prison than he should have," which is not enough to satisfy Article III.  *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012).  *See also See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").  Applicant therefore must establish the existence of continuing "collateral consequences" as a result of the RRC placement decision to demonstrate a live case or controversy.  *Spencer*, 523 U.S. at 7-8.

As stated previously, the Court issued a Minute Order directing Applicant to show cause, on or before February 15, 2013, why the Application should not be denied as moot.  Because Applicant has never filed a notice of change of address with the Court, as required by D.C.COLO.LCivR 10.1M, the Minute Order was mailed to him at FCI-Englewood, the address on file with the Court.  Presumably, Applicant never received the January 28, 2013 Minute Order.  However, it is Applicant's responsibility to prosecute his case and comply with the local rules of this Court.  Applicant has failed to

articulate any continuing "collateral consequences" as a result of the BOP's decision to limit his RRC placement to six months, and the Court cannot identify any ongoing injury relating to Applicant's claim.  As such, Applicant fails to present a case or controversy for purposes of Article III and the Application must be dismissed for lack of subject matter jurisdiction.

### B.  Alternative Determination on the Merits

Even if the Application is not moot, Applicant is not entitled to federal habeas relief.

Applicant challenges the BOP's decision to limit his RRC placement to the last six months of his sentence, instead of the maximum twelve months authorized by the Second Chance Act.  He claims that the BOP denied him a twelve-month placement based on criteria not authorized by the BOP's administrative regulations, and which are not applied to other federal inmates, in violation of his Fifth Amendment due process and equal protection rights.

#### *1.  Regulatory Framework*

The BOP determines a prisoner's suitability for placement in an RRC through the application of regulations and agency policies. Two statutes govern the BOP's authority to place a prisoner in an RRC, namely, 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). Generally, § 3621 allows the BOP to designate the place of a prisoner's incarceration during a term of imprisonment, while § 3624 allows a prisoner preparing for reentry to be placed in an RRC or in home confinement during the final months of a sentence. Pursuant to 18 U.S.C. § 3621(b), the BOP has broad discretion to designate any appropriate and suitable place for the prisoner's confinement, considering –

>   (1) the resources of the facility contemplated;
>
>   (2) the nature and circumstances of the offense;
>
>   (3) the history and characteristics of the prisoner;
>
>   (4) any statement by the [sentencing] court – (A) concerning the purposes [of the prison sentence]; or (B) recommending a type of penal or correctional facility as appropriate; and
>
>   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(2) of title 28.]

18 U.S.C. § 3621(b).

>   In 2007, Congress passed the SCA, which provides, in pertinent part:
>
>   (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>   . . .
>
>   (4) No limitations.--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. § 3624(c).

Prior to the enactment of the SCA, § 3624(c) provided that assignment to an RRC under this provision would "not [ ] exceed 6 months." The SCA granted the BOP discretion to place soon-to-be-released inmates into RRCs for longer periods of time. In order to effectuate this additional discretion, the BOP issued two memoranda providing guidance to its staff regarding the proper implementation of § 3624(c). A Memorandum issued on April 14, 2008, addresses pre-release inmates. In relevant part, this memorandum: (1) recognizes that staff must approach every individual

inmate's assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release [RRC] placement"; (2) directs BOP staff to review each pre-release inmate's eligibility for RRC placement on an individual basis seventeen to nineteen months before their projected release dates; (3) instructs BOP staff that in conducting these individual reviews they are to consider the five-factor criteria set forth in § 3621(b); and (4) mentions that "Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less" and that "[s]hould staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager." [Docket No. 20-1, at attach. 2]; *see also Garza v. Davis*, 596 F.3d 1198, 1202–03 (10th Cir. 2010) (discussion of BOP memoranda regarding SCA changes).

The second BOP memorandum, issued November 14, 2008, addresses inmate requests for transfer to RRCs when more than twelve months remain from their projected release dates (that is, non-prerelease inmates). As relevant here, this memorandum states that upon the receipt of an inmate's request to be transferred to an RRC before his prerelease 12-month period, BOP staff must make an individualized determination of the inmate's eligibility for such a transfer based on the five factors set forth in § 3621(b). It also states that "[a]n RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs." [Docket No. 20-1, attach. 3].[1]

---

[1] On June 24, 2010, the BOP issued a new memorandum providing revised guidance for RRC placements. [Docket No. 20-1, attach. 4]. The 2010 memoranda no

In accordance with the SCA, the BOP also amended its applicable regulation to state:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

28 C.F.R. § 570.22 (2008).

Congress has granted the BOP considerable discretion in placing inmates. *See* 18 U.S.C. § 3621(b) (the BOP "may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable"). Nothing in the SCA indicates a Congressional intent to impose any limitations or restrictions on the BOP's authority in this regard. Accordingly, the Court does not find a statutory presumption that twelve months' RRC placement is required for most inmates. *See Bun v. Wiley,* No. 09-1289, 351 F. App'x 267, 268 (10th Cir. Oct. 27, 2009) (unpublished) (recognizing that the SCA "does not entitle prisoners to a twelve-month placement in an RRC"). Indeed, such a construction would be contrary to Congress' expressed intent for the BOP to retain its discretion on placement matters. *See* 18 U.S.C. § 3624(c)(4). Moreover, before passage of the SCA, courts repeatedly rejected arguments that the prior language authorizing prerelease custody entitled them to a particular amount of RRC placement. *See, e.g., Zamarripa v. Peterson*, 105 F. App'x. 253, 254 (10th Cir. 2004) (unpublished) (quoting *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992)) ("[n]othing in § 3624(c) indicates any intention to

---

longer requires approval by the BOP regional director for RRC placements longer than six months. (*Id.*).

encroach upon the [BOP's] authority to decide where the prisoner may be confined during the pre-release period"). If Congress intended the SCA to constrain the BOP's discretion in placement decisions, it could have used express language to effectuate that change. Instead, the SCA makes no substantive changes to the BOP's discretionary authority. *See Henderson v. Davis*, No. 10-cv-00838-MSK, 2010 WL 4627802, at *3 n. 3 (D. Colo. Nov. 8. 2010).

The BOP is vested with broad statutory authority to determine the length of a prisoner's RRC assignment. *See* 18 U.S.C. § 3624(c)(1) and (4). As such, the Court's review is a limited one. So long as the BOP properly followed the statutory guidelines and related agency regulations and policies in making the RRC placement decision for Applicant, the Court may not second guess the BOP's substantive decision. *See Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009).

### 2. *The RRC placement decision*

The evidence submitted by Respondent demonstrates that Applicant's unit manager reviewed Applicant's eligibility for RRC placement on November 16, 2011. [Docket No. 20-1, at ¶ 13, and attach. 6]. The review form completed by the unit manager indicates that he considered the following factors, in accordance with 18 U.S.C. § 3621(b): the nature and circumstances of Applicant's offense; Applicant's institutional history and characteristics; Applicant's community resources, including family support; and, Applicant's prior employment and business ownership before incarceration. [Docket No. 20-1, at attach. 6]. Upon evaluating this information, the unit team recommended Applicant's placement in an RRC for 180 days. *Id.*. No compelling

or extraordinary circumstances were found to justify RRC placement beyond six months. *Id.* at attach. 5. Applicant was notified of the decision on November 16, 2011. *Id.* at attach. 6.

The record reflects that FCI-Englewood prison staff considered the statutory factors contained in 18 U.S.C. § 3621(b) and determined Applicant's RRC placement on an individualized basis. Although Applicant challenges the BOP's consideration of his extensive institutional programming history in making the RRC placement decision, that is a proper factor under § 3621(b). Moreover, BOP policy makes clear that an RRC placement beyond six months is warranted only "when there are unusual or extraordinary circumstances justifying such placement." [Docket No. 20-1, attach. 3]. Applicant does not identify any such circumstances that were ignored by the BOP.

The Court finds that the BOP's designation of Applicant for approximately six months of pre-release RRC placement was an appropriate decision, within the scope of the BOP's statutory authority, and did not deprive Applicant of his due process rights. Moreover, Applicant's equal protection claim fails because he does not articulate what factors were improperly considered by the BOP in his RRC placement decision that were not used by the BOP in considering other inmates for RRC placement. *See generally City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439-40 (1985) (explaining that the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."). Applicant's sentence has not been executed unlawfully and he therefore is not entitled to federal habeas relief. *See*

*Radick v. Federal Bureau of Prisons*, No. 11-cv-00298-DME, 2011 WL 2692951 at *3 (D. Colo. July 11, 2011); *Henderson*, 2010 WL 4627802, at **2-3.

**IV.    ORDER**

Accordingly, it is ORDERED:

1.    Applicant Erich Crawford's Application For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of subject matter jurisdiction. Alternatively, the Application is DENIED on the merits.

2.    No certificate of appealability will issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the Application states a valid claim of the denial of a constitutional right.

DATED March 7, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge